1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    EMMANUEL ASHEMUKE,

9                          Petitioner,              Case No. C23-1592-RSL

10         v.

11   ICE FIELD OFFICE DIRECTOR,                     ORDER GRANTING IN PART
                                                    FEDERAL HABEAS PETITION
12                         Respondent.

13

14         This matter comes before the Court on the Report and Recommendation of the Honorable

15   Michelle L. Peterson, United States Magistrate Judge, petitioner's objections thereto,[1] and the

16   remaining record. Petitioner seeks immediate release from ICE detention or a bond hearing,

17   arguing that his prolonged detention without an individualized finding that he, in fact, poses a

18   risk of flight or danger to the community violates his due process rights. Although there is no

19   authority supporting the idea that petitioner is entitled to an order of release, he has shown that

20   his continuing detention without an individualized bond hearing is unreasonable.

21

22   [1] On April 3, 2024, petitioner filed a "Motion to Amend Habeas Petition" which, despite its title, merely
     supplements his objections to the Report and Recommendation. The Court has considered both Dkt. # 26 and # 28.
23

     ORDER GRANTING IN PART FEDERAL
     HABEAS PETITION - 1

The Court has considered the eight factors set forth in *Martinez v. Clark*, 2019 WL 5968089, at \*9 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019),[2] and finds that factors 1, 5, and 7 favor petitioner, factors 3 and 4 favor the government, and factors 2, 6, and 8 are neutral. Because the factors suggesting that continued detention without a bond hearing is unreasonable outnumber and collectively carry more weight than the factors that favor the government, petition's request for a bond hearing is GRANTED. The government shall, within 30 days of the date of this Order, provide petitioner with a bond hearing before an immigration judge that comports with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).[3]

The Clerk of Court is directed to send copies of this Order to petitioner, to counsel for the government, and to the Honorable Michelle L. Peterson.

Dated this 18th day of April, 2024.

ROBERT S. LASNIK
United States District Judge

---

[2] The factors are: (1) the total length of detention to date; (2) the likely duration of future detention including administrative and judicial appeals; (3) whether the detention will exceed the time petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes that petitioner committed; (5) the conditions of detention (the more they resemble penal confinement, the less reasonable detention is); (6) delays in the removal proceedings caused by petitioner (he's allowed to object to removal, so the issue is really obstruction); (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

[3] The petition for writ of habeas corpus (Dkt. # 7) is DENIED as to all other relief requested. The government's motion to dismiss (Dkt. # 18) is similarly GRANTED in part and DENIED in part.

ORDER GRANTING IN PART FEDERAL
HABEAS PETITION - 2