UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMMANUEL ASHEMUKE,

                Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

                Respondent.

Case No. C23-1592-RSL

ORDER

On April 18, 2024, the Court denied petitioner's request for immediate release from ICE detention, but ordered defendant to provide an individualized bond hearing before an immigration judge following the procedures set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). Dkt. # 29.[1] A bond hearing was held six days later, and the immigration judge denied bond and conditional release, concluding that the government had "established by clear and convincing evidence that [petitioner] is a Danger to the Community and a Flight Risk." Dkt. # 31 at 4-5. This matter is again before the Court on petitioner's (a) motion for release from custody

---

[1] Respondent has appealed that order.

ORDER - 1

(Dkt. # 32), (b) motion to recharacterize Dkt. # 32 as a motion to enforce the Court's prior order (Dkt. # 38), and (c) June 28, 2024, status update (Dkt. # 41).

The motion for release from custody is DENIED. That request for relief was specifically rejected earlier in the proceeding, and petitioner offers no reason to reconsider or readjudicate that aspect of his petition.

In his second motion, petitioner argues that the bond hearing he was given did not comply with *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), as required by the Court, and that the Court retains jurisdiction to review the immigration judge's compliance with its order. Petitioner also submitted evidence that the Department of Homeland Security has argued in the administrative proceeding that bond must be denied "[i]n spite of the District Court's direction" because petitioner's conviction makes him statutorily ineligible under INA, § 236(c). The limited record available to petitioner does not rule out the possibility that the immigration judge was influenced by that argument. Dkt. # 41-1 at 5.

Although discretionary decisions are generally not subject to judicial review, some courts have found that habeas courts have the power to review agency action for the purpose of ensuring government compliance with their mandates and have, in that context, evaluated the legal sufficiency of the immigration judge's findings and the procedures used. *See, e.g., Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1126 (S.D. Cal. 2008). The Court would benefit from the government's input regarding the jurisdictional issues raised in petitioner's motion to recharacterize, the scope of any judicial review in these circumstances, and the substantive issues that are within the Court's purview.

//

ORDER - 2

For all of the foregoing reason, petitioner's motion for release (Dkt. # 32) is DENIED and his motion to recharacterize (Dkt. # 38) is GRANTED in part. The Clerk of Court is directed to renote (Dkt. # 38) on the Court's calendar for Friday, August 2, 2024. The government's response to the recharacterized motion to enforce the Court's prior order and petitioner's status update is due on or before July 22, 2024. Petitioner's reply, if any, shall be received by the Court on or before the note date.

Dated this 8th day of July, 2024.

Robert S. Lasnik
United States District Judge

ORDER - 3